NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re THERESA GARNER,**
*Petitioner*

---

2025-104

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims in No. 1:24-cv-00795-PSH, Judge Philip S. Hadji.

---

## ON PETITION AND MOTION

---

PER CURIAM.

## O R D E R

Theresa Garner petitions this court for a writ of mandamus directing the United States Court of Federal Claims to enter default judgment against the United States and for other procedural and monetary relief.  ECF No. 2 at 2.  Ms. Garner also moves for a stay and "remand" to the Office of Personnel Management ("OPM").  ECF No. 3.

Ms. Garner's underlying complaint alleges, among other things, that OPM made unauthorized changes to her personnel records and has refused to correct them.  On August 8, 2024, the trial court denied Ms. Garner's motion for a preliminary injunction, dismissed several of her claims,

and granted leave to amend her complaint, which Ms. Garner filed on September 5, 2024.

Since that time, Ms. Garner has filed numerous motions, many of which the trial court denied. As relevant here, the court denied her motion for default judgment by order of September 30, 2024, and, on October 11, 2024, denied Ms. Garner's request to immediately rule on her motion to remand to OPM and to hold the government's pending motion to dismiss the amended complaint in abeyance until the court rules on her remand request. Ms. Garner then filed this petition and motion, which this court understands as challenging those rulings.

To establish entitlement to the extraordinary remedy of a writ of mandamus, a petitioner must show: (1) "no other adequate means to attain the relief [she] desires," (2) a "clear and indisputable" right to relief, and (3) that the writ is "appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004) (cleaned up). Ms. Garner has failed to make that demanding showing. She has not shown entitlement to granting her motions for default judgment and remand; nor has she shown why her arguments cannot adequately be addressed in a typical appeal from final judgment. *C.f. Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943) (noting mandamus is not a substitute for an appeal).

Additionally, to the extent Ms. Garner is challenging the trial court's decision to not rule immediately on her remand request, we cannot say she has shown a clear right to relief. The trial court concluded that the most efficient way to resolve the remand request was not to rule immediately on her motion because, if the court were to find it lacked jurisdiction over the complaint, it would also be powerless to grant her request for remand. We are not prepared to say that conclusion was so far outside the trial court's considerable discretion in managing its own docket

IN RE GARNER                                                          3

to take the extraordinary step of issuing mandamus.  *See Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936).

Accordingly,

IT IS ORDERED THAT:

The petition and all pending motions are denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

January 17, 2025
Date